**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**UNITED STATES OF AMERICA**

    **Plaintiff,**

    v.

**TERRY WILLIS,**

    **Defendant.**

**Case No. 1:19-cr-102**

**JUDGE DOUGLAS R. COLE**

**OPINION AND ORDER**

This cause comes before the Court on Defendant Terry Willis's Motion for Reconsideration of the Court's Detention Order (Doc. 21) requesting that the Court release Willis from pretrial detention, subject to any conditions of bond that the Court wishes to impose upon him. For the reasons discussed more fully below, the Court **DENIES** Willis's Motion. (Doc. 21).

**BACKGROUND**

On August 28, 2019, a grand jury charged Willis with a three-count Indictment for possession with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), possession of a firearm in furtherance of a serious drug offense in violation of 18 U.S.C. § 924(c), and possession of a firearm by a prohibited person in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Roughly two weeks later, on September 11, 2019, Willis was called before Magistrate Judge Bowman for his initial appearance. The Court appointed counsel for Willis, and then the Government moved for pretrial detention. Accordingly, Magistrate Judge Bowman continued

Willis's detention hearing and arraignment on indictment until the next day, September 12, 2019.

At those proceedings, Willis, represented by counsel, argued for release on bond. After finding probable cause exists that Willis committed the charged crimes and noting that a rebuttable presumption favoring detention applies here (as codified by 18 U.S.C. § 3142(e)(3)), Magistrate Judge Bowman ordered Willis detained pending trial. (Doc. 11). Specifically, she found that, although Willis presented evidence sufficient to rebut the presumption favoring detention, after considering the factors set forth in § 3142(g) and "the information presented at the detention hearing," the Government proved "by clear and convincing evidence" that no combination of conditions of Willis's pretrial release "will reasonably assure the safety of any other person and the community." (Detention Order, Doc. 11, #40).

Magistrate Judge Bowman also listed other factors that favored detention, including that Willis: (1) faces a lengthy period of incarceration, if convicted; (2) has previously failed to appear in court; (3) has a history of violence or use of weapons; (4) has a prior criminal history; (5) has a history of substance abuse; (6) has previously participated in criminal activity while on probation, parole, or supervision; (7) has attempted to evade law enforcement; (8) has used "alias(es) or false documents"; and (9) faces "strong" evidence that he committed the offenses for which he has been charged in this matter. (*Id.*). Nearly four months after his detention hearing and order, on January 9, 2020, this case was reassigned to the undersigned judge.

Three months after that, on April 9, 2020, Willis filed a Motion for Reconsideration of the Court's September 12, 2019 Detention Order (Doc. 21) arguing that, for four reasons, the Court should release him from pretrial detention. First, Willis asserts that the Court should release him on bond because one of the § 3142(g) factors that Magistrate Judge Bowman previously found to favor his detention—that he lacked a stable residence—has been resolved since the issuance of the Detention Order, as the mother of two of Willis's children, Lisa Smiley, has offered to allow Willis to stay at her residence while he awaits trial. In fact, Willis continues, Ms. Smiley has confirmed her willingness to serve as a third-party custodian for Willis and thereby to personally guarantee that Willis appears for all proceedings in this matter and complies with any bond conditions that this Court might impose. Second, Willis contends that the Court should release him from pretrial detention because the probation holder that Hamilton County had issued to Willis before Magistrate Judge Bowman conducted his initial detention hearing has since been terminated. (Mot. at 2, n.2, #63). Third, Willis argues that the Court should now release him on bond because the circumstances of his custody have changed since his September 12, 2019 detention hearing. In particular, Willis says, "[b]y virtue of his imprisonment alone, [he] faces a heightened risk of contracting and suffering serious effects from the novel coronavirus." (*Id.* at 2). Finally, Willis argues that his current custodial arrangement implicates his Sixth Amendment right to confidential communications with his attorney because COVID-19 precautions at the Butler County Jail require Willis to communicate with his counsel by video technology, which is not available in

3

a private setting at that Jail. (Def.'s Reply at 2–3, Doc. 25, #139–40). Willis concludes that these developments are "compelling reasons" for his release and so, under 18 U.S.C. § 3142(i), the Court can (and should) order Willis's release. (Def.'s Mot. at 10–11, #71–72).

The Government opposes Willis's Motion. In the Government's Memorandum in Opposition, it argues that Willis's Motion neither adequately addresses the relevant § 3142(g) factors, nor presents a "compelling reason" for temporary release under § 3142(i). (Pl.'s Memo. in Opp'n at 2, #127). More specifically, the Government asserts that Willis has failed to present evidence to suggest that Willis no longer poses a danger to the community if released, as Magistrate Judge Bowman previously concluded in her Detention Order. And as for Willis's Sixth Amendment argument, the Government states that it is unaware of any legal authority that holds video conferencing to be a constitutionally insufficient method for a defendant to communicate with his counsel. The Government thus asks the Court to deny Willis's Motion, which is now ripe for review.

## DISCUSSION

In sum, Willis wants the Court to temporarily release him from pretrial detention to home confinement with location monitoring at Ms. Smiley's residence because of the health risks and difficulties communicating with his counsel because of COVID-19, as well as his contention that, given his relationship with Ms. Smiley and his recently resolved probation holder in Hamilton County, he has rebutted § 3142(g)'s presumption that he should remain detained pending trial. Thus, Willis's

4

Motion raises two separate but related issues. First, has Willis presented evidence to rebut the presumption that arises under § 3142(e), and, if so, has the Government overcome that rebuttal with persuasive evidence? Second, has Willis demonstrated, as required by 18 U.S.C. § 3142(i), that temporary release is necessary for him to prepare his defense or "for another compelling reason"? As to the former question, Willis bears the burden of production, and the Government carries the ultimate burden of persuasion. *See United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010) ("section 3142(e)(3)'s presumption in favor of detention imposes only a 'burden of production' on the defendant, and the government retains the 'burden of persuasion'"). As to the latter question, Willis carries the burden of persuasion. *United States v. Smoot*, No. 2:19-cr-20, 2020 WL 1501810, at *2 (S.D. Ohio March 30, 2020) (the defendant "bears the burden of establishing circumstances warranting release under § 3142(i)") (citation omitted). The Court address each of these issues in turn.

**A.     Willis Presents Evidence To Rebut 18 U.S.C. § 3142(e)(3)'s Presumption For Detention Pending His Trial, However, The Government Provides Persuasive Evidence For His Detention.**

Under the Bail Reform Act, 18 U.S.C. § 3142, *et seq.*, a defendant may be detained pending trial if a judicial officer "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" *Id.* § 3142(e). Only clear and convincing evidence can support a finding that the defendant is a danger to another person or the community. *Id.* § 3142(f). "The default position of the law, therefore, is

5

that a defendant should be released pending trial." *Stone*, 608 F.3d at 945. "That default is modified, however, for certain, particularly dangerous defendants." *Id.* More specifically, when probable cause exists that a defendant committed one of the crimes listed in § 3142(e)(3), there is a presumption in favor of detention. 18 U.S.C. § 3142(e)(3).

For two reasons, the § 3142(e)(3) presumption applies here. First, "[a] grand jury indictment, by itself, establishes probable cause to believe that a defendant committed the crime with which he is charged." *Stone*, 608 F.3d at 945. Second, the grand jury charged Willis with two of the offenses listed in § 3142(e)(3), i.e., possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841, and possession of a firearm in furtherance of a serious drug offense in violation of 18 U.S.C. § 924(c). He does not dispute this.

In Willis's view, however, he can rebut the presumption that favors his detention. Section 3142(g) lists factors the Court must consider in determining whether there are reasonably sufficient conditions of release. 18 U.S.C. § 3142(g). Willis relies on a few: his family and community ties, as well as his now-resolved probation holder. As Willis carries only the burden of production on the detention issue, his evidence on those three factors suffices to meet that burden.

That is only half the battle, though, as the question then merely turns to whether the Government can carry its burden of persuasion. On that front, the Government argues that, although Willis has presented evidence to suggest that a few § 3142(g) factors favor his release, the Court should not look past the litany of

6

other § 3142(g) factors that indicate Willis should remain in detention. Rather, the Government continues, the Court should adopt Magistrate Judge Bowman's September 12, 2019 Detention Order, which found that no conditions of bond could reasonably ensure the safety of others and the community. She based that finding on Willis's history of violence or use of weapons, as well as his histories of criminal activity and substance abuse. She further noted he has previously participated in criminal activity while on probation, parole, or supervision, and has attempted to evade law enforcement. And finally she observed that he is charged in this matter with drug and weapon offenses for which there is "strong" evidence against him. (*See* Detention Order, Doc. 11, #40). Willis's new filing casts no doubt on any of these facts that the Magistrate Judge found. Collectively, these facts, even when considered against Willis's family ties and the fact that he has resolved his probation holder, strongly weigh in favor of detaining Willis. Accordingly, having considered the totality of the evidence, the Court finds that § 3142(g) factors support the conclusion that Willis remains a danger to others and the community, and thus the Government has carried its burden of persuasion on the issue of pretrial detention.

**B.     Willis Has Not Presented A "Compelling Reason" For The Court To Temporarily Release Him Under 18 U.S.C. § 3142(i).**

Separately, Willis moves the Court to temporarily release him from pretrial detention due to concerns relating to the COVID-19 pandemic. As discussed above, under 18 U.S.C. § 3142(i), courts may temporarily release a defendant if he establishes that such release is necessary for preparation of his defense or "another compelling reason." *Id.* But Willis has failed to make either showing here.

7

Willis argues that the COVID-19 pandemic affects him in two ways that justify his release under § 3142(i). First, he asserts that his inmate status and the conditions of his current facility render him at a heightened risk of illness and death from the virus. Second, he argues that the steps that his detention facility has taken to mitigate the risk of COVID-19 spread in the institution preclude him from effectively communicating with his counsel in this case.

In addressing Willis's COVID-19-based concerns, the Court finds that the guidance below from a recent decision in this District provides a helpful framework:

> The court is mindful of the unprecedented magnitude of the COVID-19 pandemic and the extremely serious health risks it presents. But, in that context, a defendant should not be entitled to temporary release under § 3142(i) based solely on generalized COVID-19 fears and speculation. Rather, the court must make an individualized determination as to whether COVID-19 concerns present such a compelling reason in a particular case that temporary release is necessary under § 3142(i). In making that determination, the [Court] will evaluate at least the following factors:
>
> (1)  the original grounds for the defendant's pretrial detention,
>
> (2)  the specificity of the defendant's stated COVID-19 concerns,
>
> (3)  the extent to which the proposed release plan is tailored to mitigate or exacerbate other COVID-19 risks to the defendant, and
>
> (4)  the likelihood that the defendant's proposed release would increase COVID-19 risks to others.
>
> The court will not necessarily weigh these factors equally, but will consider them as a whole to help guide the court's determination as to whether a "compelling reason" exists such that temporary release is "necessary." § 3142(i).

*Smoot*, 2020 WL 1501810 at *2 (quoting *United States v. Clark*, No. 19-40068-01, 2020 WL 1446895, *3 (D. Kan. March 25, 2020)). The Court will use this guidance as the framework for reviewing Willis's Motion.

### 1. The Original Grounds For Willis's Detention.

This factor incorporates the Court's previous findings that Willis poses a risk to others and the community, as he his past includes violent acts, use of weapons, criminal activity, and substance abuse. Thus, this factor weighs against temporarily releasing Willis.

### 2. The Specificity Of Willis's Stated COVID-19 Concerns.

Willis says that COVID-19 poses dangers to him in two ways: his health and his ability to effectively communicate with his attorney. As to the former, "[t]he mere possibility of an outbreak at his facility does not equate to a compelling enough reason to justify his release." *Smoot*, 2020 WL 1501810, at *3 (citation omitted). Yet the mere possibility of an outbreak is all that currently exists here. Butler County Jail, where Willis is detained, holds approximately 837 detainees, none of whom have been suspected of or affirmatively diagnosed with COVID-19 (at the time the Government filed its Response). And the Jail has reduced the potential for exposure to sources of the virus from outside the institution by suspending all visits, implementing a rigorous sanitation regimen, screening new inmates for the virus, and modifying detainees' recreation and meals schedules to emphasize social distancing. Thus, the Butler County Jail has taken precautionary measures to contain the virus from spreading within the Jail and to prevent visitors from bringing the disease to the Jail.

9

Accordingly, the likelihood of a widespread outbreak there remains a "mere possibility." Plus, even if a wider outbreak were to occur there, Willis does not explain how he personally may be at an increased risk; rather, he admits that he has no underlying health conditions. So, Willis's concern that his current detention heightens the risk that he will contract COVID-19 is not a sufficiently compelling reason to make his release "necessary."

Separately, Willis argues that the Butler County Jail's precautionary measures relating to COVID-19 have impacted his ability to effectively communicate with his counsel, and so his Sixth Amendment right to effective assistance of counsel is "implicated." (Def.'s Reply at 2, #139). More specifically, in Willis's Motion he asserts that the Jail's procedures do not allow him to meet in person with his counsel. Rather he must communicate by video conference. And, according to Willis, the video conference equipment in the facility is "temperamental and unreliable." (Def.'s Mot. at 10, #71). But the mere fact that the equipment may be somewhat unreliable does not rise to the level of a Sixth Amendment violation. To establish the latter would require a showing of an institutional restriction unreasonably burdening or significantly interfering with the detainee's access to counsel. *Benjamin v. Fraser*, 264 F.3d 175, 187 (2d Cir. 2001). Absent facts showing more significant communications breakdowns than he alludes to here, he falls short of that.

Separately, Willis's reply brief also raises an additional concern about this method of communication. He says that the video conference meetings with his counsel do not occur in a confidential setting, as the video equipment is stationed in

10

the "pod" where he and other detainees are housed. (Def.'s Reply at 3, #140). As a result, Willis says, "other inmates are always in earshot of the conversations each defendant has with his counsel." (*Id.*). According to Willis, because the Sixth Amendment assures that a defendant and lawyer can *confidentially* communicate with one another, the Butler County Jail's video conferencing setup "implicates" his right. (*Id.*).

It is true, a defendant has a Sixth Amendment right against the government intentionally intruding on the attorney-client relationship, *Weatherford v. Bursey*, 429 U.S. 545 (1977), and so Willis's right may be implicated here. Notably, though, Willis does not allege that he suffers any potential or actual prejudice because other inmates are nearby when he communicates with his attorney. That omission matters here because even a deliberate intrusion on the right to confidential communication does not constitute a Sixth Amendment violation in the absence of prejudice. *United States v. Morrison*, 449 U.S. 361, 364 (1981); *see also Lakin v. Stine*, 229 F.3d 1152, at \*4 (6th Cir. 2000) (Table) (finding that, although guards were present when detainee spoke to his counsel, because detainee "did not state how this intrusion limited communication with [his counsel] or prejudiced his case[,]" detainee failed to establish a Sixth Amendment violation). Thus, Willis has not presented any specific harm that he claims he will suffer because of the way in which he is communicating with his counsel.

In short, he has not identified a specific present health risk, nor any special susceptibility on his part, relating to COVID-19. And, he has failed to set forth a

plausible argument that the current arrangement for coordinating with his counsel gives rise to a potential Sixth Amendment violation. Accordingly, this factor does not weigh in favor of his release.

### 3. The Effect Of Willis's Release Plan On Himself.

Willis asserts that he will reside with the mother of two of his children, Ms. Smiley, if released. His motion lacks any information about any "screening practices" or "concrete COVID-19 precautions" that he plans to implement. *Smoot*, 2020 WL 1501810, at *3 (citation and quotation omitted). In contrast (and as discussed above), access to his current detention facility is strictly monitored and enforced. And, at least as of the time the parties filed their briefs, there were no suspected or confirmed COVID-19 cases in the Jail. Thus, releasing him may in fact increase the likelihood of Willis's COVID-19 exposure, as there are at least 6,158 confirmed COVID-19 cases in Hamilton County, where Ms. Smiley resides. Accordingly, this factor supports detention. (Ohio Dep't of Health COVID-19 Dashboard, July 8, 2020, https://coronavirus.ohio.gov/wps/portal/gov/covid-19/dashboards).

### 4. The Effect Of Willis's Release Plan On The Public.

Finally, the Court considers the impact of Willis's release on third parties. To start, Willis offers no explanation as to how his presence in the Butler County Jail exacerbates COVID-19 concerns or heightens the risk of the disease to others in that facility. Conversely, Willis's release plan notes that at Ms. Smiley's residence, she (who is a nurse's assistant and so potentially faces an increased risk of contracting COVID-19 at work) currently cares for two children, "her ailing mother (who has a

12

host of medical issues … ),"  and her daughter (who was eight-months pregnant when Willis filed his Motion). (Def.'s Mot. at 10, #71). Presumably, if Willis were released, he would have potentially unfettered contact with all these individuals, at least some of whom would be at heightened risk from exposure to COVID-19. And, if he were released and then violated the terms of his release—which he has done before in this case—he would not only create a risk that he may bring COVID-19 into the house, but would also create "potential risks to law enforcement officers who are already tasked with enforcing shelter-in-place orders in many cities and counties, pretrial services officers who come into contact with the defendant for supervision, and others if … taken back into custody." *Clark*, 2020 WL 1446895, at *7. Thus, the Court finds that Willis has failed to show that requested temporarily release would reduce the risk of spreading COVID-19 as compared to his continued detention at the Butler County Jail.

In conclusion, the four identified factors that guide the Court's analysis as to whether Willis has established that the COVID-19 pandemic constitutes a "compelling reason" to temporarily release him under § 3142(i) all favor his continued detention.

## CONCLUSION

For the reasons above, the Court finds that while Willis has met his burden of production as to the § 3142(g) presumption favoring detention, the Government has carried it burden of persuasion to show that detention is necessary. Moreover, the Court concludes that Willis has not established a "compelling reason" sufficient to

persuade the Court that his temporary release is necessary, as required by § 3142(i).

Accordingly, the Court **DENIES** Willis's Motion for Reconsideration. (Doc. 21).

    **SO ORDERED.**

July 9, 2020
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**