**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

                             **Case No. 1:19-cr-102**

      v.

                             **JUDGE DOUGLAS R. COLE**

**TERRY WILLIS,**

      **Defendant.**

## OPINION AND ORDER

On June 29, 2026, Defendant Terry Willis filed a "Motion for Extension of Time to File his Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. [§] 2255." (Doc. 131).[1] The same day, Willis also moved to unseal the transcript from an ex parte hearing. (Doc. 132). For the reasons explained below, the Court **DENIES** both Willis's request for an extension, (Doc. 131), and his request to unseal the transcript, (Doc. 132).

On August 18, 2021, Willis pleaded guilty to all three counts in the indictment: (1) Possession with Intent to Distribute, in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(C); (2) Possession of a Firearm in Furtherance of a Serious Drug Offense, in violation of 18 U.S.C. § 924(c); and (3) Possession by a Prohibited Person, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Indictment, Doc. 1, #1–2; 8/18/21 Min. Entry). After an unsuccessful attempt to withdraw his plea, (Docs. 75, 81, 82, 83, 84, 88, 92,

---

[1] Initially, the motion was docketed as a motion to vacate, and a related civil case created, No. 1:26-cv-630. Willis, however, only proactively requests an extension to submit a presumably forthcoming motion to vacate. So neither this motion nor the civil case constitute a first petition under § 2255.

93; 8/29/22 Min. Entry; 10/20/22 Min. Entry; Order, Doc. 95), the Court sentenced Willis to a total of 210 months' incarceration and 10 years of supervised release, (Docs. 105, 106). The Sixth Circuit affirmed the conviction and sentence, (Doc. 120), and denied Willis's petition for rehearing en banc, (Doc. 124). The Supreme Court then denied his petition for a writ of certiorari, (Doc. 129).

With the direct appeal route concluded, Willis now looks to the post-conviction process. To start, on December 29, 2025, Willis moved to compel his trial counsel to surrender all case materials to him. (Doc. 130). The Court denied that motion after defense counsel informed the Court that they had already provided all such material to Willis or were in the process of doing so. (2/6/26 Not. Order). However, the Court expressly offered Willis an opportunity to refile his motion to compel if he did not receive the case file promptly. (*Id.*).

Willis now requests an extension of time to file a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Doc. 131). As explanation for the expected delay, Willis asserts that he still has not received all of his case materials from his trial counsel and that he seeks a currently-sealed transcript, (*id.* at #1175–77), which he separately moves to unseal, (Doc. 132).

Unfortunately for Willis, the Sixth Circuit has already addressed this exact question, and it expressly held that district courts lack any authority to grant this type of extension request. *United States v. Asakevich*, 810 F.3d 418, 420 (6th Cir. 2016). "[I]n the aftermath of a final judgment of conviction and sentence and in the absence of a pending § 2255 motion, there [is] no action in the district court to which

the motion [for an extension] could apply." *Id*. So any decision granting such a motion, that court went on to say, would essentially be an advisory opinion, which exceeds this Court's constitutional authority to decide cases and controversies. *Id*. (citations omitted). Furthermore, this Court likewise lacks any statutory authority under § 2255 to grant an extension beyond the statute of limitations. *Id*. at 421. Because the Court lacks the authority to grant the request, the Court **DENIES** Willis's Motion (Doc. 131).

That said, to the extent Willis is arguing that defense counsel, contrary to their earlier representations, have not actually turned over all the information he requests, Willis may renew his motion to compel. If he does so, he should also list what, in his view, they have failed to provide.

Last, Willis asks the Court to unseal the transcript from a March 15, 2022, ex parte hearing on Willis's trial counsel's motion to withdraw, and to provide him a copy of that transcript along with certain other materials related to a motion to withdraw and to the services that one of his CJA counsel provided to him in this case. (Doc. 132). As to the transcript, it appears that Willis believes that unsealing would be necessary for him to obtain a copy of the transcript. Because Willis participated in the hearing, though, that is not the case. As a result, unsealing is unnecessary here, so the Court **DENIES** Willis's motion to the extent that it requests unsealing. (Doc. 132). That said, the Court will arrange for Willis to receive a copy of the sealed transcript. As for the other materials, the Court is not sure what constitute the "related filings concerning counsel['s] … motion to withdraw." (*Id*. at #1183). The

motion is on the docket. (Doc. 86). And the Court is not aware of any "related filings" beyond the motion itself. Finally, almost in passing, Willis requests various other materials including "requests made for expert funding," "CJA [f]unding applications," and "investigative memoranda." (Doc. 132, #1183). The Court is not entirely clear what materials Willis is requesting, or why he needs them. So the Court will deny this last request without prejudice to Willis better describing the information that he seeks and why he needs it.

### CONCLUSION

For the reasons discussed above, the Court **DENIES** Willis's Motion for an Extension of Time (Doc. 131), and his Motion to Unseal the Ex Parte Hearing Transcript (Doc. 132).

**SO ORDERED.**

July 14, 2026
 **DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**